IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARL WALKER,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**DR. ALDRIDGE, STATE OF ILLINOIS, ILLINOIS DEPARTMENT OF CORRECTIONS, and VIENNA CORRECTIONAL FACILITY,**<br><br>    **Defendants.** | Case No. 25-cv-662-RJD |

## **MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

Plaintiff Carl Walker, an inmate of the Illinois Department of Corrections who is currently incarcerated at Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Walker alleges that Dr. Aldridge delayed the complete extraction of his tooth in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

On May 26, 2023, Walker saw Dr. Aldridge to have a tooth removed (Doc. 1, p. 7). During the extraction, the tooth broke, leaving the root in Walker's mouth (*Id.*). Walker asked to have the roots removed, but Dr. Aldridge indicated that he was unable to remove the roots because the machine used for extractions was broken (*Id.*). Dr. Aldridge indicated that the machine would be fixed within a week and then he could remove the roots (*Id.*). After a couple of days with the roots still in his mouth, Walker began to experience pain in his mouth and was given Ibuprofen which failed to relieve his pain (*Id.*). Walker did not receive an extraction of the roots until four to five months after his initial appointment, although he fails to identify the specific date of the extraction. The attached medical records seem to suggest that the roots were extracted on September 25, 2023 (*Id.* at pp. 18-19). The medical records also indicate that Dr. Aldridge did not submit a referral for outside care until July 25, 2023 (*Id.* at p. 16).

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:    Eighth Amendment deliberate indifference claim against Dr. Aldridge, State of Illinois, Illinois Department of Corrections, and Vienna Correctional Center for failing to remove the roots of Walker's damaged tooth and delaying further extraction.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Walker states a viable claim for deliberate indifference against Dr. Aldridge for delaying the removal of Walker's tooth. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

But to the extent Walker attempts to bring claims against the State of Illinois, Illinois Department of Corrections, or Vienna Correctional Center, he fails to state a claim. None of these entities are proper defendants because they are not "person[s]" amenable to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983"). Thus, Count 1 shall only proceed against Dr. Aldridge

## Motion for Counsel

In addition to his Complaint, Walker filed a motion for counsel (Doc. 3). He notes that he is incarcerated without any legal assistance. He indicates that he has some college education but is unfamiliar with the law. Under the section asking Walker to describe his

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

attempts to obtain counsel on his own, he simply notes that he lacks legal assistance or a support team to aid him. He fails, however, to note any efforts he has made to contact an attorney and seek representation in this case. Whether a plaintiff has made a reasonable attempt to obtain counsel on his own is a threshold question; if a plaintiff has made no attempt to obtain counsel on his own, the court should deny his request for counsel. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Thus, Walker's motion for counsel (Doc. 3) is **DENIED**.

Before Walker moves for counsel again, he should first: (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. If he is unable to contact an attorney, he should include a statement explaining why he cannot meet this threshold requirement. Walker should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

## Disposition

For the reasons stated above, Count 1 shall proceed against Dr. Aldridge. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Dr. Aldridge: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Walker. If defendant fails to sign and return the Waiver of Service of Summons (Form 6)

to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Walker, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

Because Walker's claims involve his dental care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Walker, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Walker is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court

will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 30, 2025.**

*/s/ Reona J. Daly*
**REONA J. DALY**
**U.S. Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendant will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**